1GAUDIN, Judge.
Donnie London pled guilty[1] on January 22, 1993 in St. Charles Parish to possession of cocaine, LSA-R.S. 40:967. He was sentenced to five years at hard labor. We affirm.
On April 1, 1993, London filed for post conviction relief, alleging ineffective assistance of counsel and that his guilty plea was not knowingly, voluntarily and intelligently made. He was granted an out-of-time appeal.
The main thrust of London’s appeal is that during the plea bargaining process, he and his attorney were under the false impression that he could be double billed if he went to trial and was convicted. The prosecuting attorney agreed not to double bill London if he entered a guilty plea. London now argues he was not then subject to double billing as the so-called cleansing period had run.
The statutes which allow double billing are not applicable if more than five years have elapsed since the expiration of the maximum sentence of the previous conviction. pSee LSA-R.S. 15:529.1(0). In his application for post conviction and now on appeal, London contends that the probationary period for his previous five-year suspended sentence expired on September 30, 1992. The instant crime, possession of cocaine, occurred on October 1, 1992.
London raised this very same issue during the plea bargaining process on January 22, 1993 in open court. The prosecuting attorney stated, to the trial judge and to London’s counsel, that the prior five-year period did not end until October 29, 1992. There was further discussion about this while the trial judge, apparently, examined London’s past conviction records. The trial judge said this to London’s attorney, Gregory Miller, inviting him to also examine records of London’s past criminal activity:
“You want to come look at this, Mr. Miller?”
The transcript then states:
“At which point, Mr. Miller and Mr. Sins (the prosecuting attorney) read the records.”
There was further talk about London’s possible plea but it is crystal clear from the transcript that all parties, including the trial judge and London’s lawyer, understood and knew that London was a bona fide candidate for double billing. The assistant district attorney said that if London did not plead, that “... there’s a guarantee I will file a multiple bill.”
London did plead guilty to possession of cocaine with the state agreeing not to file a double bill and thereby subject London to an enhanced sentence. No doubt the legitimate possibility of a double bill caused London to plead.
London’s past convictions records, including his rap sheets, are not part of this record for an obvious reason: London was not double billed. Past conviction records were not required.
laWe note that London’s application for post conviction relief in district court and his appeal to this Court are completely devoid of any documentation showing that the October 1, 1992 crime was beyond the previous five-year probationary term. London claims that he was released from a five-year probation on September 30, 1992 but this assertion remains totally unsubstantiated.
Judicial time and economy would not be served by a remand giving London yet another opportunity to produce evidence establishing a September 30, 1992 termination date. If such proof exists, London can attach it to an application for supervisory writs to the Supreme Court of Louisiana.
AFFIRMED.
BOWES, J., dissents with reasons.

. London also pled guilty at the same time to possession of drug paraphernalia, for which he was sentenced to 15 days in parish prison. This plea and sentence are not involved in this appeal.